HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>FLENARD TYRON NEAL, JR., DONALD JAMAR LEWIS, FELIX ADEOKUN,<br><br>Defendants. | Case No. CR06-5058 RBL<br><br>ORDER |

THIS MATTER comes on before the above-entitled Court upon Defendant Neal's Motion to Suppress Evidence [Dkt. #30] and Defendant Lewis' Motion to Suppress Evidence in Violation of His Rights Under the Fourth Amendment to the United States Constitution [Dkt. #31].[1]

Having considered the entirety of the records and file herein, the Court rules as follows:

**FACTUAL BACKGROUND**

On January 25, 2006, agents of the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) and officers of the Lakewood Police Department executed a search warrant at an apartment located at 7524 150th Street SW, Apt. 100, in Lakewood. The search resulted in the recovery of 120 grams of crack cocaine, 46 grams of powder cocaine, 4.1 grams of ecstasy, 286 grams of marijuana, eight handguns, five rifles, two short barreled shotguns, ballistic vests, and digital scales. On February 1, 2006 the Grand Jury

---

[1] Defendant Lewis joins in Defendant Neal's motion to suppress [Dkt. #32]. Defendant Adeokun also joins in Defendant Neal's motion [Dkt. #33] but apparently does not join in Defendant Lewis' motion to suppress.

ORDER
Page - 1

returned a six count Indictment charging Flenard Tyrone Neal, Jr., Donald Lamar Lewis, and Felix Adeokun with Possession of Cocaine Base with the Intent to Distribute (Count Four), Possession of Marijuana with the Intent to Distribute (Count Five), and Possession of a Firearm in Furtherance of Drug Trafficking (Count Six). Lewis is also charged with being a Felon in Possession of a Firearm (Count Three). The Indictment also charges Neal with a separate Count of Possession of Marijuana with the Intent to Distribute (Count One) and with Possession of Ecstasy with the Intent to Distribute (Count Two). Counts One and Two arise from Neal's arrest on December 27, 2005 at the United States border crossing at Blaine, Washington where he was found with marijuana and ecstasy on his person and in his vehicle.

The search warrant was based upon an affidavit sworn to by ATF Agent Brice McCracken. The affidavit was in support of an application for a federal warrant to search for evidence of Neal's alleged violations of federal firearms laws, to wit: the illegal importing, manufacturing, or dealing in firearms without a federal firearms license. In the affidavit the agent, after setting forth his training and experience, indicates that he seeks a search warrant for "the residence of Flenard T. NEAL, Jr. located at 7524 150th Street SW, Apartment 100, Lakewood, Washington, and a 1993 Chevrolet Caprice bearing Washington license plate 726 SAZ. . . .." The agent then goes on to describe the apartment and vehicle in greater detail. The agent indicates that based upon his training and experience "it is common practice for individuals engaged in the business of dealing in firearms to maintain possession of firearms, receipts for purchase of firearms, firearms manuals, firearms boxes, receipts for sale of firearms (including address and telephone lists) identifying persons to whom they are involved in dealing firearms in their residences . . . for extended periods of time."

According to the affidavit, the agent believed that Neal was involved in the purchase of multiple weapons in Washington which Neal then smuggled across the border into Canada where he exchanged the weapon for narcotics. Accordingly, the agent describes in detail his investigation of Neal using various sources, including the ATF's Online Lead Database (OLD) which compiles and stores information on multiple purchases of firearms from a Federal Firearms Licensee (FFL) and the Washington State Department of Licensing Firearms Section (DOL). The investigation revealed that Neal had purchased 32 firearms between March 3, 2004 and December 29, 2005. The investigation further revealed that Neal had

ORDER
Page - 2

1  crossed the United States border approximately 25 times during the past year, and that 11 of those
2  crossings came about a week or so after Neal had made multiple purchases of firearms from an FFL.
3  Agent McCracken also detailed in the affidavit the arrest of Neal at the border crossing at Blaine on
4  December 27, 2005.  On that date, Neal was arrested and booked into Whatcom County Jail after Customs
5  and Border Protection Officers searched his person and vehicle and discovered marijuana and ecstacy.
6  This arrest was within one week of Neal's purchase in Washington of five firearms.

7  Based upon this affidavit, the Magistrate Judge issued a search warrant allowing law enforcement
8  to search the apartment and vehicle for, <u>inter alia</u>, firearms, firearms related paraphernalia, documents
9  indicating purchase and sale of firearms, and documents indicating occupancy or rental of the apartment
10 and vehicle.

11 Shortly thereafter, the agents and Lakewood police officers executed the search warrant.  In the
12 apartment were Neal, Lewis, and Adeokun.  In plain view (unchallenged by the defendants), law
13 enforcement observed firearms, crack cocaine, and marijuana.  Also observed were five ballistic vests and
14 indicia of residency.  Defendants were arrested.  The instant motions followed.

15 **DISCUSSION**

16 The defendants argue that the affidavit in support of the search warrant fails to connect defendant
17 Neal to the apartment at 7524 150th Street SW, and fails to establish a nexus between Neal's alleged illegal
18 activity (the sale of firearms without a license) and the apartment.  In addition, Lewis[2] argues that the
19 search warrant is a general warrant because Item 10 on the list of items to be seized allows the agents to
20 search for and seize "[a]ny items which constitute contraband."

21 The Magistrate Judge's finding of probable cause is entitled to great deference.  *United States v.*
22 *Terry*, 911 F.2d 272, 275 (9th Cir. 1990).  The test is whether using common sense and considering the
23 totality of the circumstances, the Magistrate Judge can reasonably conclude that there is a "fair probability"
24 that contraband evidence of a crime will be found in the place to be searched.  *Illinois v. Gates*, 462 U.S.
25 213, 238 (1983).  Furthermore, the inclusion of a general description of items does not invalidate an
26 otherwise valid warrant which includes a more descriptive list of items to be seized.  *See, Andresen v.*
27 *Maryland*, 427 U.S. 463, 479-81 (1976).

28

---

[2]<u>See</u> fn. 1.

ORDER
Page - 3

Here, the Magistrate Judge had ample evidence that Neal was dealing in firearms. The agent set forth in great detail in the affidavit the steps the agent went through in investigating Neal, including obtaining many records (OLD, DOL, Whatcom County Jail) which would have included Neal's address and which outlined his many purchases of firearms and proximate in time trips across the United States border from Canada. It was entirely reasonable for the Magistrate Judge to conclude that Neal resided at the apartment in Lakewood and that evidence of his firearms dealing would be found there. *Illinois v. Gates*, 462 U.S. at 238; *United States v. Angulo-Lopez*, 791 F.2d 1394, 1399 (9th Cir. 1986). In addition, the inclusion of Item 10 ("Any items which constitute contraband") in the list of items to be seized when read in context with the rest of the warrant does not invalidate the warrant and permits the seizure of the drugs and related paraphernalia in this case. *See, Andreson v. Maryland*, 427 U.S. at 479-81. Therefore it is hereby

**ORDERED** that Defendants Lewis and Adeokun's Motions to Join [Dkt. #'s 32 and 33] are **GRANTED**, it is further

**ORDERED** that Defendant Neal's Motion to Suppress Evidence [Dkt. #30] and Defendant Lewis' Motion to Suppress Evidence in Violation of His the Fourth Amendment to the United States Constitution [Dkt. #31] are **DENIED.**

The Clerk shall send uncertified copies of this order to all counsel of record, and to any party appearing pro se.

Dated this 23rd day of May, 2006.

/s/ Ronald B. Leighton
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE